# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAMAAL WYNN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:22-cv-1196 (JCH)** |
| | : | |
| **v.** | : | |
| | : | |
| **STAFFMARK INVESTMENT, LLC,** | : | |
| | : | |
| **Defendant.** | : | **March 8, 2023** |

**Jury Trial Demanded**

## FIRST AMENDED COMPLAINT

1.      Plaintiff Jamaal Wynn was and is a Connecticut citizen residing in the City of New Britain.

2.      Defendant Staffmark Investment, LLC was and is a limited liability company organized and existing under the laws of the State of Delaware with a corporate headquarters at 201 East Fourth Street, Suite 800, Cincinnati, Ohio 45202.

3.      Defendant has a Connecticut office located at 4 Prospect Hill Road, East Windsor, Connecticut 06082.

4.      Defendant is a subsidiary business of RGF Staffing.

5.      Defendant employs 15 or more employees.

6.      Defendant employed plaintiff.

7.      Defendant hired plaintiff on or about April 12, 2018.

8.      Plaintiff's job positions were Onsite Manager, Recruiter, Account Manager, and Sales.

9.      Plaintiff was qualified for each job he held.

10.    Defendant employs Joan Trivella.

11.    Trivella is a supervisory employee.

12.    Defendant employs Ron Miller.

13.    Miller is a supervisory employee.

14.    Miller and Trivella supervised plaintiff.

15.    Defendant has an employee handbook.

16.    Plaintiff has a documented disciplinary policy.

17.    The disciplinary policy is progressive.

18.    Plaintiff is an African-American male.

19.    Defendant's Regional Director Ron Miller had a pattern and practice of hiring blonde women.

20.    Plaintiff's production was superior to his peers.

21.    Plaintiff received performance awards.

22.    Plaintiff was the only African-American male in defendant's Connecticut region.

23.    Plaintiff's performance deserved a bonus yet defendant did not give plaintiff a bonus.

24.    Defendant gave bonuses to other employees whose performance was inferior to plaintiff's performance.

25.    Defendant received positive customer feedback on plaintiff's performance.

26.    Plaintiff has a disability within the meaning of the CFEPA.

27.    Specifically, plaintiff sustained a torn ACL, a torn MCL and torn meniscus.

28.    Due to the knee injury, plaintiff underwent a total knee replacement.

29.    Plaintiff took a medical leave of absence to undergo the knee surgery.

30.     The surgery took place on February 3, 2020.

31.     Plaintiff requested FMLA in connection with the knee surgery.

32.     Defendant approved the FMLA request.  The approved FMLA covered the time period of January 30, 2020 through March 16, 2020.

33.     On March 23, 2020, plaintiff received a phone call from Ron Miller.

34.     Miller screamed and yelled at plaintiff during the phone call and told him that he was terminated.

35.     Plaintiff notified his Marketing Manager and HR about the Miller phone call.

36.     Plaintiff had a conference call with defendant's legal department, human resources and Miller's supervisor. During the phone call, defendant told plaintiff that Miller had used the wrong words – he was not being terminated but instead laid off due to COVID-19.

37.     At or around the same time, defendant laid off another employee, a younger female who is not African-American.  Defendant recalled this employee in June 2020.

38.     Defendant did not recall plaintiff back to work.

39.     Defendant did not offer plaintiff certain employee benefits or vacations that they offered to other employees.

40.     Defendant told plaintiff to stop putting in mileage for reimbursement while allowing other employees to continue to do so.

41.     Any and all excuses offered by defendant to explain the termination and failure to recall decisions would be a pretext to mask unlawful discrimination.

42.     On or about December 15, 2020, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

43.     On May 28, 2022, plaintiff received a release of jurisdiction issued by the CHRO

(attached hereto as Ex.1).

## <u>FIRST COUNT</u>
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats the allegations in paragraphs 1 through 43 above as if fully incorporated herein.

44.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability (actual or regarded as);

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

(e)     In that defendant intentionally discriminated against the plaintiff; and

(f)     In that defendant failed to rehire or recall plaintiff because of his disability.

45.     As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

46.     As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

47.     As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary

4

and non-pecuniary losses.

48.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of

defendant's wrongful and discriminatory acts.


## SECOND COUNT
### (Race Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.    Plaintiff repeats the allegations in paragraphs 1 through 48 above as if fully

incorporated herein.

49.    Defendant, by and through its agents and/or employees, violated the Connecticut

Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis

of plaintiff's race;

(b)    In that defendant discriminated against the plaintiff in such a way that adversely

affected his status as an employee;

(c)    In that defendant treated the plaintiff adversely different from similarly situated

employees;

(d)    In that defendant terminated plaintiff's employment on account of his race;

(e)    In that defendant intentionally discriminated against the plaintiff.

50.    As a result of defendant's unequal treatment and discrimination, plaintiff has been

deprived of his employment and equal employment opportunities because of his race.

51.    As a result of defendant's discrimination, plaintiff has been deprived of income,

wages, and benefits.

52.    As a further result of defendant's termination and discrimination, plaintiff has

suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

53.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
**(Gender Discrimination in Violation of C.G.S. §46a-60(b)(1))**

1.     Plaintiff repeats the allegations in paragraphs 1 through 53 above as if fully incorporated herein.

54.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his gender;

(e)     In that defendant intentionally discriminated against the plaintiff.

55.     As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his gender.

56.     As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

57.     As a further result of defendant's termination and discrimination, plaintiff has

suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

of enjoyment of life, impairment of his personal and professional reputation, damage caused by

the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary

and non-pecuniary losses.

58.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of

defendant's wrongful and discriminatory acts.

## FOURTH COUNT
### (FMLA Retaliation)

1.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set

forth herein.

59.     At all times material, plaintiff was an eligible employee as that term is defined by

the FMLA.

60.     At all times material, defendant employed fifty or more employees at plaintiff's

former worksite for twenty or more weeks in 2019 and 2020 in an industry affecting interstate

commerce. Accordingly, defendant is an employer covered by the FMLA.

61.     Plaintiff invoked his right to FMLA-qualifying leave.

62.     Defendant, by and through its agents and/or employees, retaliated against the

plaintiff for the exercise of his rights under the FMLA in one or more of the following ways:

(a)     by terminating plaintiff's employment.

63.     As a result of defendant's retaliation, plaintiff suffered and sustained harms and

losses, including but not limited to: lost wages, lost employee/retirement benefits, and other

expenses and financial losses that would not otherwise have been incurred.

64.     Defendant's actions have been willful.

## FIFTH COUNT
### (Disability Discrimination in Violation of the ADAAA)

1.     Plaintiff repeats the allegations in paragraphs 1 through 64 above as if fully incorporated herein.

65.     Plaintiff filed charges against defendant with the Equal Employment Opportunities Commission (EEOC) and received a right to sue letter from the EEOC on or about November 2, 2022. (Ex.2)

66.     Defendant, by and through its agents and/or employees, violated the The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101 in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability (actual or regarded as);

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

(e)     In that defendant intentionally discriminated against the plaintiff; and

(f)     In that defendant failed to rehire or recall plaintiff because of his disability.

67.     As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

68.     As a result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

69.     As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

70.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

**SIXTH COUNT**
**(Race Discrimination in Violation of Title VII)**

1.    Plaintiff repeats the allegations in paragraphs 1 through 70 above as if fully incorporated herein.

71.    Defendant, by and through its agents and/or employees, violated Title VII in one or more of the following ways.

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

(b)    In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)    In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)    In that defendant terminated plaintiff's employment on account of his race;

(e)    In that defendant intentionally discriminated against the plaintiff.

72.    As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his race.

73.    As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

74.    As a further result of defendant's termination and discrimination, plaintiff has

9

suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

of enjoyment of life, impairment of his personal and professional reputation, damage caused by

the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary

and non-pecuniary losses.

75.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of

defendant's wrongful and discriminatory acts.

## SEVENTH COUNT
### (Gender Discrimination in Violation of Title VII)

1.     Plaintiff repeats the allegations in paragraphs 1 through 75 above as if fully

incorporated herein.

76.     Defendant, by and through its agents and/or employees, violated Title VII in one

or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis

of plaintiff's gender;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely

affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated

employees;

(d)     In that defendant terminated plaintiff's employment on account of his gender;

(e)     In that defendant intentionally discriminated against the plaintiff.

77.     As a result of defendant's unequal treatment and discrimination, plaintiff has been

deprived of his employment and equal employment opportunities because of his gender.

78.     As a result of defendant's discrimination, plaintiff has been deprived of income,

wages, and benefits.

79.    As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

80.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; CFEPA punitive damages; loss pension/retirement benefits; attorneys' fees; costs; interest; prejudgment interest; FMLA liquidated damages; job reinstatement; Title VII punitive damages; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.


*James Sabatini*
James V. Sabatini, Esquire CT19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com


ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Jamaal Wynn**
**COMPLAINANT**

CHRO No. 2140189

vs.                                                                          EEOC No. 16A202100318

**Staffmark Investments, LLC**
**RESPONDENT**

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

*Tanya A. Hughes*

**DATE:  May 28, 2022**                          Tanya A. Hughes, Executive Director

cc:
      Complainant's Atty.: James Sabatini, Esq.
               Sabatini and Associates
               jsabatini@sabatinilaw.com

      Respondent's Contact: Christa Taney, VP
               Christa.Taney@staffmarkgroup.com

      Case File

# EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/02/2022

**To:** Jamaal Wynn
481 East Street
New Britain, CT 06051

Charge No: 16A-2021-00318

EEOC Representative and email:     Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By Timothy Riera
11/02/2022

Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16A-2021-00318 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**Cc:**
Christa Taney,
201 east 4th st., ste 800
Cincinnati, OH 45202

James Sabatini
Sabatini & Associates
one Market square
Newington, CT 06111

Please retain this notice for your records.

## <u>ELECTRONIC CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ James Sabatini
James Sabatini